IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JELANI MCNEAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-225-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Jelani McNeal ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 84th District Court of Hutchinson County, Texas for the first-degree felony offense of possession of a controlled substance with intent to deliver, in an amount of at least four grams but less than 200 grams, enhanced by two prior felony convictions, and resulting 28-year sentence. (*See* ECF 3; 14-13 at 10). For the reasons stated below, the undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

### I.   PROCEDURAL HISTORY

On August 4, 2011, Petitioner was charged by Indictment in Hutchinson County, Texas with the first-degree felony offense of possession of a controlled substance with intent to deliver, namely methamphetamine, in an amount of at least four grams but less than 200 grams, in violation of Texas Health and Safety Code § 481.112(d).[1] (*See* ECF 14-13 at 6–7). On May 20, 2015, a jury

---

[1] Petitioner was charged with an additional offense in Count Two of the indictment, but was found not guilty of the offense. (ECF 14-13 at 6, 10–11).

found Petitioner guilty of the offense. (*Id*. at 11). Petitioner pleaded true to the enhancement paragraph during the sentencing phase of trial. (*Id*. at 12). The jury sentenced Petitioner to 28 years in prison and assessed a $3,000 fine. (*Id*. at 10, 12–13). Judgment was entered in accordance with the jury's verdict by the state trial judge. (*Id*. at 10).

On April 19, 2017, the Seventh Court of Appeals of Texas modified the judgment to delete the unauthorized fine and affirmed the judgment of the trial court as modified on direct appeal. (ECF 14-4); *see McNeal v. State*, No. 07-15-00218-CR, 2017 WL 1455964 (Tex. App.—Amarillo Apr. 19, 2017). The Texas Court of Criminal Appeals ("TCCA") refused Petitioner's petition for discretionary review on August 23, 2017. (ECF 14-12); *McNeal v. State*, No. PD-0646-17 (Tex. Crim. App. 2017). Petitioner did not seek further review of his conviction and sentence by filing a petition for a writ of certiorari in the Supreme Court of the United States.

On March 19, 2018, Petitioner filed an application for state writ of habeas corpus challenging his conviction.[2] (ECF 15-13 at 41–49). The TCCA denied Petitioner's state habeas application without written order on December 5, 2018. (ECF 15-5); *see In re McNeal*, No. WR-46,115-02. On December 3, 2019, Petitioner filed the instant federal habeas petition.[3] (ECF 3). On May 7, 2020, Respondent filed an answer. (ECF 16). On August 21, 2020, Petitioner filed a reply to Respondent's answer. (ECF 18).

---

[2] The prison mailbox rule applies to state habeas applications. *See Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013). However, the rule does not apply to prisoner litigants represented by counsel. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002). Petitioner's application for state writ of habeas corpus shows he was represented by counsel. (ECF 15-13 at 49).

[3] An inmate's federal habeas petition is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Given that Petitioner signed and dated his petition on December 3, 2019, it could not have been filed before that date. (*See* ECF 3 at 18).

## II.   PETITIONER'S GROUNDS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. He received ineffective assistance of counsel in violation of the Sixth Amendment through trial counsel's deficient performance: failure to object to a juror and failure to "request a jury instruction on accomplice testimony.";

2. His Sixth Amendment rights were violated due to juror bias.; and

3. He is actually innocent because the evidence was insufficient to find him guilty of the charged offense.

(ECF 3 at 11–17).

## III.   STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

> pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

## IV.   **RESPONSIVE PLEADINGS**

On May 7, 2020, Respondent filed a Preliminary Answer asserting Petitioner's federal habeas petition should be dismissed as time barred. (*See* ECF 16). In the Preliminary Answer, Respondent briefed applicable statutory and case law regarding the one-year statute of limitations in federal habeas corpus cases, as well as statutory and equitable tolling of the limitation period. Respondent also set forth relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. (*Id.*). On August 21, 2020, Petitioner filed a reply in opposition to Respondent's Preliminary Answer. (ECF 18).

## V.   **FINALITY OF CONVICTION**

With regard to the finality of Petitioner's judgment of conviction, the undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on May 20, 2015. (ECF 14-13 at 10). Petitioner filed a direct appeal of his conviction with the appropriate state intermediate appellate court who, on April 19, 2017, affirmed Petitioner's conviction and sentence as modified. (ECF 14-4). The TCCA refused Petitioner's petition for discretionary review on **August 23, 2017**. (ECF 14-12).

2. Petitioner's judgment of conviction became final on **November 21, 2017**, when the 90-day period to file a petition for writ of certiorari with the U.S. Supreme Court expired.[4] *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2002) (stating

---

[4] Petitioner argues his conviction became final on December 28, 2017, 90 days after the Seventh Court of Appeals issued its September 29, 2017 mandate. (ECF 18 at 2). He further argues his federal habeas corpus petition was thus due on or before December 28, 2018, "absent any tolling." (*Id.*). The Fifth Circuit Court of Appeals has rejected this argument. *Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013) (rejecting argument that state appellate court's mandate, issued after TCCA's refusal of PDR, determined finality of conviction under section 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010) ("In *Roberts*, we held that the issuance of a mandate by a state court is irrelevant to determining when a judgment becomes 'final' for the purposes of § 2244(d)(1)(A).") (citing *Roberts*, 319 F.3d at 694–95).

However, even assuming Petitioner is correct that his conviction became final 90 days after the Seventh Court of Appeals issued its September 29, 2017 mandate, the following statute of limitations calculation would apply:

that if a habeas petitioner has pursued direct relief through the state's highest court, his conviction becomes final when the 90-day period for filing an application for writ of certiorari with the Supreme Court expires).

## VI.    LIMITATIONS PERIOD

The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies. With regard to the start of the one-year limitation period and statutory tolling of the limitation period, the undersigned makes the following findings and conclusions:

1. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's conviction becoming final.

4. The one-year period of limitation in this case began on the date on which Petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A)—**November 21, 2017**.

5. Petitioner's federal habeas corpus petition was thus due on or before **November 21, 2018**, unless statutorily or equitably tolled.

6. When Petitioner filed his state application for writ of habeas corpus on **March 19, 2018**, 118 days had passed since his judgment of conviction became final on **November 21, 2017**.

7. The filing of that application tolled the limitations period until the TCCA denied

---

— When Petitioner filed his state application for writ of habeas corpus on March 19, 2018, 81 days had passed since his judgment of conviction became final on December 28, 2017.

— The filing of that application tolled the limitations period until the TCCA denied the application on December 5, 2018. The limitations clock began to run again on December 6, 2018.

— The remaining 284 days expired on September 16, 2019, before Petitioner filed his federal petition on December 3, 2019.

5

the application on **December 5, 2018**. The limitations clock began to run again on **December 6, 2018**.[5]

8. Petitioner is not entitled to further tolling based on the motion to reconsider he claims he filed with the TCCA on December 24, 2018.[6] (*See* ECF 18 at 2).

9. The remaining 247 days expired on August 12, 2019, before Petitioner filed his federal petition on **December 3, 2019**.

## VII.   ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of

---

[5] *See Ramirez v. Quarterman*, No. 3:07-CV-1381-M, 2009 WL 790112, at *3 (N.D. Tex. Mar. 25, 2009); *Pitts v. Quarterman*, No. 3:05-CV-0612-G, 2007 WL 9655731, at *3 (N.D. Tex. Jan. 4, 2007).

[6] Texas Rule of Appellate Procedure 79.2(d) states such a motion may not be filed, but the TCCA may on its own initiative reconsider a case. The TCCA has filed motions to reconsider notwithstanding Rule 79.2(d), and in those instances, the Fifth Circuit Court of Appeals has held that the motion tolls the running of the federal limitations period from the date the state habeas application was denied to the date the TCCA issues a letter denying the motion. *See Lookingbill v. Cockrell*, 293 F.3d 256, 260–61 (5th Cir. 2002); *Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001). A Texas motion for reconsideration is considered filed for tolling purposes when it is delivered to the TCCA and noted on the TCCA's docket sheet. *See Emerson*, 243 F.3d at 932.

Here, the TCCA's case information does not reflect a motion for reconsideration was filed, and Petitioner has not provided a file-stamped copy of his motion for reconsideration. *See* Texas Court of Criminal Appeals, Case Information Search website at https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed on November 10, 2021). Petitioner also claims he sent a letter of inquiry in February 2019 (*see* ECF 18 at 2), but the TCCA's case information does not reflect that the TCCA received any such letter. Based on the record before the Court, the undersigned cannot conclude a motion for reconsideration was filed with the TCCA, such that Petitioner is entitled to additional tolling under section 2244(d)(2). *See Harris v. Quarterman*, No. 4:07-CV-464-A, 2007 WL 4258319, at *2 (N.D. Tex. Dec. 4, 2007) (accepting magistrate judge's finding that petitioner was not entitled to tolling based on alleged motion for reconsideration and stating petitioner's "bald assertion regarding the alleged motion for reconsideration [is] not probative of evidentiary value because they are unsupported and unsupportable by anything else contained in the record").

Petitioner argues "he has never received a response and can only assume that the court either lost his motion or the prison never sent it which would most certainly qualify him for equitable tolling." (ECF 18 at 3). This argument fails, in part, for the reason stated above—there is no evidence of a motion for reconsideration. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding petitioner bears the burden of establishing entitlement to equitable tolling). Further, as noted above, only a motion for reconsideration of an order denying habeas relief that is *docketed for consideration* by the TCCA tolls the federal limitations period. Any mistaken assumption that such a motion for reconsideration automatically tolls the federal limitations period does not entitle Petitioner to equitable tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ("[W]e have made it clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.").

justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the Petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Under ground three of his application, Petitioner argues he is "actually innocent" of the offense because "there was virtually no evidence that Petitioner possessed the drugs recovered nor was there any evidence that money recovered was from the proceed of drug sales." (ECF 3 at 16). Although Petitioner does not specifically argue actual innocence *as a gateway* for this Court to consider his time-barred claims, this Court has liberally construed Petitioner's "actual innocence" claim as making such an argument.

Petitioner does not set out any facts or even argument in support of a claim that he is <u>factually innocent</u> of committing the offense of which he was convicted. Instead, Petitioner appears to argue mere legal insufficiency, which does not constitute an actual innocence claim. *See Bousely*, 523 U.S. at 623–24. Even if Petitioner's pleadings can be construed to assert a true claim of actual innocence, whether as a ground for relief or to establish a gateway for any time-barred claim, Petitioner does not make the necessary showing of actual innocence. Petitioner fails to demonstrate actual innocence by presenting any "new, reliable evidence" that was not previously

presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence. Petitioner has not sufficiently demonstrated his "actual innocence" of the offense of which he was convicted as a gateway or means by which to avoid any time bar. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

## VIII. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner be DENIED.

## IX. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 3, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).